IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RENEE ALISA BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-090 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* on April 4, 2014, attempting to seek court review of an adverse decision by the Acting Commissioner concerning her request for social security benefits (doc. no. 1), and requesting permission to proceed *in forma pauperis* ("IFP") (doc. no. 2). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**, Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

### I. BACKGROUND

In her complaint, Plaintiff offers the Court virtually no information regarding her claims and fails to provide any of the information that is required for this Court to hear her social security claim. Plaintiff asserts that she has applied for and been denied three times for social security benefits. (Doc. no. 1, p. 5.) She states that she recently appealed the decision to a court and was denied. (Id.) However, her condition has worsened since

her initial denial and she has not been able to find a job. (Id.) Therefore, she requests that the Court review her "social security benefit claim and award [her] benefits." (Id.)

## II.  DISCUSSION

As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h);[1] See United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1104 (11th Cir. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975) (explaining that § 405(h) bars federal district courts from hearing Social Security claims where jurisdiction is allegedly based upon general federal question jurisdiction)); see also Califano v. Sanders, 430 U.S. 99, 105-07 (1977) (holding that Administrative Procedure Act does not provide the district courts with an independent source of subject matter jurisdiction over Social Security claims). Section 405(g), in pertinent part, provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has [her] principal place of business, or, if [s]he does not reside or have

---

[1]Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

2

[her] principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

Thus, § 405(g) provides the following prerequisites for judicial review: 1) a final decision made by the Acting Commissioner after a hearing, 2) the commencement of a civil action within sixty days of the mailing of notice of the Acting Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger, 422 U.S. at 763. Here, Plaintiff states that a court has recently denied her social security appeal. Therefore, under 42 U.S.C. § 405(g), a review of the Acting Commissioner's final decision has already occurred. Moreover, Plaintiff points to no decision of the Acting Commissioner that was final for the purpose of judicial review under 42 U.S.C. § 405(g) subsequent to that review. Accordingly, Plaintiff has not met the prerequisites for judicial review and her case must be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**, Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of May, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA